IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
APR - 4 2008
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | |
|---|---|
| NATIONAL FIRE INSURANCE COMPANY OF HARTFORD as successor by merger with Transcontinental Insurance Company, § § § § § Plaintiff § § v. § § JOURNEYMAN CONSTRUCTION, INC.. § § Defendant. § § | Civil Action No. A08CA 259 SS |

## NATIONAL FIRE INSURANCE COMPANY OF HARTFORD'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

**COMES NOW** Plaintiff, National Fire Insurance Company of Hartford, an Illinois Corporation (hereinafter referred to as "National Fire"), and files this, its Original Complaint for Declaratory Judgment against Defendant Journeyman Construction, Inc. (hereinafter referred to as "Journeyman") and states as follows:

1.  Plaintiff brings this Complaint for Declaratory Judgment pursuant to 28 U.S.C. §§ 2201 and 2202 (Declaratory Judgments) and, pursuant to the Texas Civil Practice and Remedies Code § 37.001 et seq. (the Uniform Declaratory Judgment Act), for a determination of the parties' rights and obligations under a Tailored Commercial Package Policy which contains commercial general liability coverage issued by National Fire with respect to the below identified cause of action:

Civil Action No. CV 2007 -1865 filed on or about August 29, 2007 in the State Court of Dona Ana County, State of New Mexico, styled *Premier Hospitality LLC vs. Journeyman Construction, Inc* (hereinafter referred to as the "Underlying Premier Action").

A copy of the Complaint filed in the Underlying Premier Action is attached is attached hereto as **Exhibit "A"**.

## PARTIES

2.  Plaintiff National Fire Insurance Company of Hartford is a foreign insurance company organized and existing under the laws of the state of Illinois and which has its principal place of business in the state of Illinois.

3.  Defendant Journeyman Construction, Inc. is a Texas corporation organized and existing under the laws of the state of Texas and which has its principal place of business in the state of Texas. Defendant Journeyman Construction, Inc. may be served with citation by serving its President, Sam Kumar with process as follows:

> Senthil Kumar, President
> Journeyman Construction, Inc.
> 7701 N Lamar
> Suite 100
> Austin, Texas 78752

## JURISDICTION

4.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 (Diversity of Citizenship), and the amount in controversy exceeds $75,000.00 exclusive of interests and costs.

## VENUE

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a).

## CONDITION PRECEDENT

6. National Fire has performed all conditions precedent to the enforcement of its contract terms.

## STATEMENT OF THE CASE

7. On December 31, 2007 National Fire Insurance Company of Hartford merged with Transcontinental Insurance Company with the surviving entity being National Fire Insurance Company of Hartford.

8. On June 24, 2006 Transcontinental Insurance Company issued to *Journeyman Construction, LP* as the Named Insured, a Tailored Commercial Package policy of insurance which contained general liability coverage on an occurrence basis for the period June 24, 2006 – June 24, 2007, policy number C 2090302616 with limits of $1,000,000 per occurrence (hereinafter the "National Fire Policy"). *Journeyman Construction, L.P.* is identified as a Named Insured on the Declarations page of the policy. A copy of the National Fire Policy is attached hereto as **Exhibit "B"**. The terms, conditions and exclusions contained in the National Fire Policy are incorporated herein for all purposes as if set out in full.

9. On June 24, 2006, Journeyman Company, Inc. was the general partner for Journeyman Construction, LP.

10. On March 30, 2007, Journeyman Company, Inc. filed restated and amended articles of incorporation which among other things changed its name from Journeyman Company, Inc. to Journeyman Construction, Inc. with the name change to be effective April 1, 2007.

11. On April 1, 2007 Journeyman Company, LP, merged with its general partner, Journeyman Construction, Inc. with the surviving entity being Journeyman Construction, Inc.

12. This is an insurance coverage dispute concerning what obligations, if any, might be owed by National Fire to Journeyman under the National Fire Policy with respect to the Underlying Premier Action.

## UNDERLYING FACTS

13. On August 29, 2007 in the State Court of Dona Ana County, State of New Mexico, styled *Premier Hospitality LLC vs. Journeyman Construction, Inc.* That suit alleges that in 2006 Journeyman Construction, Inc. entered into a construction contract with Premier Hospitality LLC for the construction of a hotel in Las Cruces, New Mexico.

14. There are four counts in the Underlying Premier Action against Journeyman Construction, Inc. Each count incorporates the factual allegations contained in paragraphs 4 – 9 which state as follows:

> ¶4 *In 2006 Journeyman Construction, Inc. entered into a valid construction contract with Premier Hospitality LLC;*
>
> ¶5 *Under the terms of the contract Journeyman was to provide Premier with construction services, specifically the construction of a hotel in Las Cruces, New Mexico;*
>
> ¶6 *Journeyman represented to premier that it possessed sufficient skill and resources to fulfill its obligations under the contract;*
>
> ¶7 *Journeyman did not effectively manage its subcontractors, causing numerous time delays;*
>
> ¶8 *These time delays led to the necessity of numerous change orders and additional expenses for the construction of the project and Premier;*

> ¶9   *Journeyman ultimately abandoned the construction project, leaving the project incomplete and damaging Premier.*

15.   In addition, Paragraph 13 alleges that Journeyman breached its contract with Premier and that Premier was damaged by that breach.

16.   Paragraphs 17 - 19 of the Underlying Premier Action allege that Journeyman had a common law duty of good faith and fair dealing in all of its dealing with Premier and breached that duty and that its actions were *"malicious, willful, wanton, fraudulent, or in bad faith"* and that Premier was damaged by that breach of the duty of good faith.

17.   Paragraphs 21-23 of the Underlying Premier Action allege that Journeyman breached its duty to exercise ordinary care and that its actions were *"malicious, willful, wanton, fraudulent, or in bad faith"* and that Premier was damaged by that breach of duty.

18.   Paragraphs 25 - 26 of the Underlying Premier Action allege that Journeyman *knowingly made false and misleading oral or written statements and representations to premier in connection with the sale of its services, which may, tended to or did deceive Premier* that Journeyman's actions were *"malicious, willful, wanton, fraudulent, or in bad faith"* and damaged Premier.

19.   Journeyman Construction, Inc. tendered the Underlying Premier Action to Plaintiff for a defense on or about October 8, 2007.

20.   Plaintiff herein denied coverage on or about December 11, 2007.

21.   National Fire denied Journeyman's tender of a defense in the Underlying Premier Action based upon the facts of the claim and the terms and conditions of the National Fire Policy at issue.

22. On June 19, 2007, prior to the inception of the National Fire policy, Journeyman Construction, Inc. sent a letter to Premier Hospitality advising them that due to a dispute that Journeyman Construction had *"no choice but to stop work until payment of the amount owing was received"* A copy of that letter is attached as **Exhibit "C."**

### THE NATIONAL FIRE POLICY LANGUAGE

23. The allegations asserted against Journeyman in the Underlying Premier Action are not covered pursuant to the terms and conditions of the National Fire Policy. The relevant terms, conditions and exclusions of the National Fire Policy as endorsed are set forth below:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART (OCCURRENCE VERSION)**

Paragraph **1. Insuring Agreement of Section I – Coverage A – Bodily Injury And Property Damage Liability** is replaced by the following:

1. **Insuring Agreement**
    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
        (1) The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and
        (2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.
        No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.
    b. This insurance applies to "bodily injury" and "property damage" only if:
        (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
        (2) The "bodily injury" or "property damage" occurs during the policy period; and
        (3) With respect to "bodily injury" or "property damage" that continues, changes or resumes so as to occur during more than one policy period, both of the following conditions are met:
            (i) Prior to the policy period, no Authorized Insured knew that the "bodily injury" or "property damage" had occurred, in whole or in part; and
            (ii) During the policy period, an Authorized Insured first knew that the "bodily injury" or "property damage" had occurred, in whole or in part.

For purposes of this Paragraph **1.b.(3)** only, if **(a)** "bodily injury" or "property damage" that occurs during this policy period does not continue, change or resume after the termination of this policy period; and **(b)** no Authorized Insured first knows of this "bodily injury" or "property damage" until after the termination of this policy period, then such first knowledge will be deemed to be during this policy period.

c. "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any Authorized Insured includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

d. "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any Authorized Insured:

   (1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

   (2) Receives a written or verbal demand, claim or "suit" for damages because of the "bodily injury" or "property damage"; or

   (3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

e. Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

\* \* \*

2. **Exclusions**

   This insurance does not apply to:

   a. **Expected Or Intended Injury**

      "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

   j. **Damage To Property**

      "Property damage" to:

      (1) Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;

      (2) Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;

      (3) Property loaned to you;

      (4) Personal property in the care, custody or control of the insured;

      (5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

      (6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

      Paragraphs **(1)**, **(3)** and **(4)** of this exclusion do not apply to "property damage" (other than damage by fire) to premises, including the contents of such premises, rented to you for a period of 7 or fewer consecutive days. A separate limit of insurance applies to Damage To Premises Rented To You as described in Section III – Limits Of Insurance.

      Paragraph **(2)** of this exclusion does not apply if the premises are "your work" and were never occupied, rented or held for rental by you.

Paragraphs **(3), (4), (5)** and **(6)** of this exclusion do not apply to liability assumed under a sidetrack agreement.

Paragraph **(6)** of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

**k. Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

**l. Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

**m. Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

**(1)** A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

**(2)** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use

**o. Personal And Advertising Injury**

"Bodily injury" arising out of "personal and advertising injury".

\* \* \*

## COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY

**1. Insuring Agreement**

a.   We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result.

…

b.   This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

**2. Exclusions**

This insurance does not apply to:

**b. Material Published With Knowledge Of Falsity**

"Personal and advertising injury" arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity.

**c. Material Published Prior To Policy Period**

"Personal and advertising injury" arising out of oral or written publication of material whose first publication took place before the beginning of the policy period.

   **f.  Breach Of Contract**

     "Personal and advertising injury" arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement".

   **g.  Quality Or Performance Of Goods – Failure To Conform To Statements**

     "Personal and advertising injury" arising out of the failure of goods, products or services to conform with any statement of quality or performance made in your "advertisement".

## SECTION V – DEFINITIONS

1. "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. For the purposes of this definition:

    a. Notices that are published include material placed on the Internet or on similar electronic means of communication; and

    b. Regarding web-sites, only that part of a web-site that is about your goods, products or services for the purposes of attracting customers or supporters is considered an advertisement.

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death, humiliation, shock, mental anguish or mental injury by that person at any time which results as a consequence of the bodily injury, sickness or disease.

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

    a. False arrest, detention or imprisonment;

    b. Malicious prosecution;

    c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

    d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

    e. Oral or written publication, in any manner, of material that violates a person's right of privacy;

    f. The use of another's advertising idea in your "advertisement"; or

    g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".

16. "Products-completed operations hazard":

    a. Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

        (1) Products that are still in your physical possession; or

        (2) Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

            (a) When all of the work called for in your contract has been completed.

            (b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

            (c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

        Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

    b. Does not include "bodily injury" or "property damage" arising out of:

<u>**NATIONAL FIRE INSURANCE COMPANY OF HARTFORD'S**</u>
<u>**ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**</u>              Page 9 of 14

    **(1)** The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;

    **(2)** The existence of tools, uninstalled equipment or abandoned or unused materials; or

    **(3)** Products or operations for which the classification, listed in the Declarations or in a policy schedule, states that products-completed operations are subject to the General Aggregate Limit.

**17.** "Property damage" means:

  **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

  **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property.

As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

**21.** "Your product":

  **a.** Means:

    **(1)** Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

      **(a)** You;

      **(b)** Others trading under your name; or

      **(c)** A person or organization whose business or assets you have acquired; and

    **(2)** Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

  **b.** Includes

    **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

    **(2)** The providing of or failure to provide warnings or instructions.

  **c.** Does not include vending machines or other property rented to or located for the use of others but not sold.

**22.** "Your work":

  **a.** Means:

    **(1)** Work or operations performed by you or on your behalf; and

    **(2)** Materials, parts or equipment furnished in connection with such work or operations.

  **b.** Includes

    **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

    **(2)** The providing of or failure to provide warnings or instructions.

\* \* \*

The following definition is added to Section **V** – Definitions:

Authorized Insured means any insured listed under Paragraph 1. of Section **II** – Who Is An Insured, or any "employee" authorized by such an insured to give or receive notice of an "occurrence" or claim.

\* \* \*

## BASIS FOR A DECLARATORY JUDGMENT

### Count I

19. The allegations in the Underlying Premier Action do not assert any claim for property damage or bodily as those terms are defined in the National Fire Policy; thus, there is no duty to defend Journeyman in the Underlying Premier Action.

20. National Fire seeks a declaration that it has no duty to defend Journeyman in the Underlying Premier Action Coverage A of the National Fire Policy

### Count II

21. The allegations in the Underlying Premier Action do not assert any covered occurrence as that term is defined in the National Fire Policy; thus, there is no duty to defend Journeyman in the Underlying Premier Action.

22. National Fire seeks a declaration that it has no duty to defend Journeyman in the Underlying Premier Action Coverage A of the National Fire Policy.

### Count III

23. The allegations in the Underlying Premier Action do not assert any claim for personal injury or advertising injury as those terms are defined in the National Fire Policy; thus, there is no duty to defend Journeyman in the Underlying Premier Action.

24. National Fire seeks a declaration that it has no duty to defend Journeyman in the Underlying Premier Action under Coverage B of the National Fire Policy.

### Count IV

25. The National Fire Policy states that it only applies to "property damage" that occurs during the policy period and with respect to "bodily injury" or "property damage" that continues, changes or resumes so as to occur during more than one policy period, there is no coverage

unless prior to the policy period, no Authorized Insured knew that the "bodily injury" or "property damage" had occurred, in whole or in part and during the policy period, an Authorized Insured first knew that the "bodily injury" or "property damage" had occurred, in whole or in part.

26.     National Fire seeks a declaration that it has no duty to defend Journeyman in the Underlying Premier Action under Coverage A of the National Fire Policy based upon the above language.

### Count V

27.     The National Fire Policy pleads in the alternative that that the allegations in the Underlying Premier Action are not covered based upon the following exclusions any one of which defeats coverage for Journeyman under Coverage A:

     i. Exclusion a – Expected or Intended

     ii. Exclusion j – Damage to Property

     iii. Exclusion k – Damage to Your Product

     iv. Exclusion m – Damage to Your Work

     v. Exclusion m – Damage to Impaired property or Property That Has Not Been Physically Injured

     vi. Exclusion o - Personal And Advertising Injury

28.     National Fire seeks a declaration that it has no duty to defend Journeyman in the Underlying Premier Action under Coverage A of the National Fire Policy based upon the above identified exclusions.

## Count VI

29. The National Fire Policy pleads in the alternative that the allegations in the Underlying Premier Action are not covered based upon the following exclusions any one of which defeats coverage for Journeyman under Coverage B:

Exclusion a – Expected or Intended

    i. Exclusion b - Material Published With Knowledge Of Falsity

    ii. Exclusion c - Material Published Prior To Policy Period

    iii. Exclusion f - Breach of Contract

    iv. Exclusion g - Quality Or Performance Of Goods – Failure To Conform To Statements

30. National Fire seeks a declaration that it has no duty to defend Journeyman in the Underlying Premier Action under Coverage A of the National Fire Policy based upon the above identified exclusions.

## Count VII

31. National Fire seeks a declaration that there is no duty to indemnify Journeyman in the Underlying Premier Action based upon the terms, conditions, limitations and exclusions in the National Fire Policy set forth under Counts I through VI above, which preclude a duty to indemnity for the same reason as these terms preclude a duty to defend.

    **WHEREFORE** National Fire Insurance Company of Hartford requests that it be granted the following:

1. A declaration that:

    i. National Fire Insurance Company of Hartford has no duty to defend Journeyman in the Underlying Premier Action; and

    ii. National Fire Insurance Company of Hartford has no duty to indemnify Journeyman for any damages it is obligated to pay in the Underlying Premier Action.

2. Reasonable and necessary attorneys' fees in the prosecution of this action;

3. Costs of suit; and

4. Such other and further relief in law or in equity to which National Fire Insurance Company of Hartford may be justly entitled to receive.

Respectfully submitted,

Claudia K. Frey
State Bar No. 00790719
Colliau Elenius Murphy Carluccio Keener & Morrow
Plaza of the Americas
600 N. Pearl Street, Suite 1400
Dallas, Texas 75201
(214) 220-5900
(214) 220-5902 Facsimile

**ATTORNEYS FOR PLAINTIFF
NATIONAL FIRE INSURANCE COMPANY
OF HARTFORD**